J-S45005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER RECTOR | : | |
| | : | |
| Appellant | : | No. 267 MDA 2023 |

Appeal from the Judgment of Sentence Entered January 25, 2023
In the Court of Common Pleas of Snyder County Criminal Division at
No(s): CP-55-CR-0000402-2021

BEFORE: BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.: **FILED JANUARY 08, 2024**

Walter Rector appeals from the judgment of sentence of six months of probation and a $100 fine imposed upon his conviction for driving under the influence of a controlled substance ("DUI") and a related traffic violation. We affirm.

We glean the following facts from the certified record. On the morning of June 12, 2021, Trooper Joseph Civello of the Pennsylvania State Police initiated a traffic stop of a vehicle driven by Appellant because the trooper was unable to read the last four digits of the license plate from a reasonable distance. In speaking with Appellant during the stop, Trooper Civello observed him to have both dilated pupils and bloodshot eyes. Based on his training as an Advanced Roadside Impairment Driving Enforcement ("ARIDE") officer, the

---

[*] Former Justice specially assigned to the Superior Court.

trooper believed that these were indicators of impairment. After the trooper asked Appellant why his eyes were bloodshot, Appellant responded by stating that he had just woken up.

Trooper Civello then directed Appellant to step outside of the vehicle so that the trooper could conduct standard field sobriety tests. Appellant showed signs of impairment during four of the five administered tests and admitted that he had smoked marijuana the previous night. Additionally, the trooper saw that Appellant's tongue had a green tint, which the trooper testified was suggestive of recent marijuana ingestion.

Appellant was arrested and consented to a blood draw within two hours of the traffic stop. The blood was lab tested, and a report revealed the presence therein of both THC and MDMA, commonly known as ecstasy. The Commonwealth ultimately charged Appellant with DUI, careless driving, and obscured plates.

Appellant filed a motion to suppress all evidence obtained after his arrest, including the blood test results, asserting *inter alia* that Trooper Civello lacked reasonable suspicion of criminal activity before requesting that Appellant perform the field sobriety tests. The trial court held a suppression hearing on September 9, 2022. At the conclusion of the hearing, both Appellant and the Commonwealth agreed that, if the court determined that suppression was not warranted, it could proceed to a stipulated nonjury trial based on the proffered evidence. The court took the matter under advisement, and Appellant waived the right to have the court render a prompt

judgment. On December 5, 2022, the court entered separate orders denying the motion to suppress and finding Appellant guilty of DUI and obscured plates. Appellant was later sentenced as indicated hereinabove.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant raises a single issue on appeal: "Whether the trial court erred in denying Appellant's motion to suppress evidence obtained from him after his vehicle was stopped by a Pennsylvania State Police Officer?" Appellant's brief at 4.

As to this issue, our standard of review is well-settled:

An appellate court's standard of reviewing the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Thus, our review of questions of law is *de novo*. Our scope of review is to consider [the evidence offered by the Commonwealth and] so much of the evidence for the defense as remains uncontradicted when read in the context of the suppression record as a whole.

***Commonwealth v. Shaffer***, 209 A.3d 957, 968-69 (Pa. 2019) (citations omitted).

In his brief, Appellant does not contest the legality of the initial stop or the trial court's factual findings as to what happened thereafter. Rather, the dispute centers around the court's conclusion that Trooper Civello had reasonable suspicion of unlawful activity at the time he requested that Appellant engage in the field sobriety tests.

This Court has held that a law enforcement officer's demand that a driver perform standard field sobriety tests constitutes an investigative detention, and therefore must be support by reasonable suspicion of criminal activity. *See*, *e.g.*, ***Commonwealth v. Cauley***, 10 A.3d 321, 327 (Pa.Super. 2010) (discussing that an investigative detention arises upon an officer's command to undergo such testing). To meet this standard, "the officer must point to specific and articulable facts which, together with the rational inferences therefrom, reasonably warrant the intrusion. In addition, we must look to the totality of the circumstances to determine whether the officer had reasonable suspicion that criminal activity was afoot." *Id*. at 326.

In denying Appellant's motion to suppress, the trial court stated the following regarding this issue:

> After making contact with [Appellant], the trooper observed indicators of impairment due to a controlled substance, specifically [Appellant]'s bloodshot eyes and dilated pupils. This established reasonable suspicion for the trooper to continue his investigation and requested [Appellant] to exit his vehicle and perform field sobriety tests. The court finds the trooper's testimony credible, that he observed sufficient indicators of impairment[.]

Trial Court Opinion, 12/5/22, at unnumbered 3 (cleaned up).

Appellant argues that the perception of bloodshot eyes and dilated pupils was insufficient to constitute reasonable suspicion of criminality. *See* Appellant's brief at 9-11. He notes that the trooper did not attest to any additional *indicia* of Appellant's impairment, such as erratic driving or an odor of marijuana. *Id*. at 10. Appellant further cites a decision from the

Commonwealth Court for the proposition that "the showing of glassy eyes alone is insufficient to support the conclusion that an officer had reasonable grounds to believe that a licensee was intoxicated at a given point in time." *Id*. at 11 (discussing *Stancavage v. Com., Dept. of Tranp.*, 986 A.2d 895, 899 (Pa.Cmwlth. 2009)). As such, he contends that his arrest was unlawful, since it relied upon field sobriety testing administered without supporting reasonable suspicion. *See* Appellant's brief at 11.

Upon review, we conclude that the court's factual findings are supported by the record and its legal conclusions are correct. Based on the totality of the circumstances, Trooper Civello had reasonable suspicion that Appellant was driving impaired at the time he administered the standard field sobriety tests. Appellant's pupils were dilated despite the daylight, and his eyes were bloodshot with the only explanation from Appellant being that he had just woken up. Based on his ARIDE training, the trooper credibly testified that both conditions were demonstrative of marijuana use. Accordingly, it is clear that Trooper Civello was able to point to "specific and articulable facts" that warranted the intrusion of an investigative detention. *Cauley*, *supra* at 326.

Further, we are unpersuaded by Appellant's reliance on the Commonwealth Court's decision in *Stancavage*. Putting aside the fact that the holding does not bind this Court, *see Commonwealth v. Fitzpatrick*, 159 A.3d 562, 571 n.7 (Pa.Super. 2017), the case is materially distinguishable. There, the Commonwealth Court considered whether an officer had "reasonable grounds" to make an arrest for DUI, which is distinct

from our review as to whether there was reasonable suspicion sufficient to support an investigative detention. Moreover, the officer in that case noted only a single, more subjective sign of impairment before administering field sobriety tests, the driver's glassy eyes. As already discussed, here there was testimony concerning not only Appellant's dilated pupils and bloodshot eyes, but also Trooper Civello's training and experience, which connected these specific observations to marijuana usage.

For all the foregoing reasons, the trial court did not err in denying Appellant's suppression motion, and we therefore have no cause to disturb his conviction.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/08/2024